**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**THOMPSON METAL FAB, INC**                              **CIVIL ACTION**

**VERSUS**                                                            **NO. 25-1772**

**VENTURE GLOBAL**                                          **SECTION "B" (5)**
**PLAQUEMINES LNG, LLC AND**
**KZJV, LLC**

**ORDER AND REASONS**

Before the Court are defendant Venture Global Plaquemines, LNG, LLC's ("Venture") Motion to Dismiss (Rec. Doc. 7), plaintiff Thompson Metal Fab, Inc.'s ("Thompson") Opposition (Rec. Doc. 14), and Venture's Reply (Rec. Doc. 17). For the following reasons,

**IT IS ORDERED** that Venture's Motion to Dismiss (Rec. Doc. 7) is **GRANTED**, **dismissing** Thompson's unjust enrichment claim.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Venture is the owner and developer of a liquified natural gas facility ("LNG Facility"). Rec. Doc. 3-1 at 1. Venture contracted with KZJV, hiring the company as its engineering, procurement, and constructor contractor for the LNG Facility. *Id*. at 2. In early 2024, KZJV entered into a subcontract with Instafab Company, Inc. ("Instafab")–a heavy structural steel and plate fabricator–to secure fabricated steel for the LNG Facility. *Id*; see also Rec. Doc. 7-2 at 2. Instafab later facilitated KZJV's retention of Thompson Metal Fab, Inc. ("Thompson") as a supplier of fabricated steel necessary for the LNG Facility. Rec. Doc. 3-1 at 1. Instafab was to serve as an intermediary between KZJV and Thompson. *Id*. KZJV agreed to Thompson's role as a supplier and allegedly approved of the quality of its materials. *Id*. On February 12, 2024, KZJV issued a Letter of Award to Instafab; subsequently, Instafab sent the Letter of Award to Thompson, informing it that Thompson would supply steel for the LNG Facility. *Id*.

1

Several days after the issuance of the Award Letter, Instafab sent a purchase order to Thompson that identified the portion of steel that Thompson was to supply for the LNG Facility. Rec. Doc. 3-1 at 3. Representatives of Instafab and Thompson signed the document to memorialize their agreement. *Id*. Thompson alleges that communications between KZJV and Instafab, as well as KZJV's Terms and Conditions, "evidence KZJV's intention that all suppliers on the project [LNG Facility] would be bound by KZJV's [Terms and Conditions]." *Id*. Thompson continues that "the language and behavior of KZJV and the Fabricators…reflect that the relationship between KZJV and each of the Fabricators was that of a general contractor and a supplier." *Id*. Thompson alleges that KZJV performed quality control audits of Thompson prior to its approval as a supplier; that Thompson supplied steel directly to the LNG Facility; that Thompson offered to take materials from another supplier directly to the work site; and that Instafab referred to its relationship with Thompson as a "partnership." *Id*.

Thompson claims that it fulfilled all its obligations to KZJV concerning the LNG Facility and that it never received any complaints about the quality of materials it provided. Rec. Doc. 3-1 at 3. Thompson stresses that it "worked considerable hours, including overtime and double-time, to ensure that KZJV could fulfill all of the obligations it owed to Venture." *Id*. According to Thompson, KZJV and Venture benefited from it's work on the LNG Facility. *Id*. at 4. To be compensated for the steel it fabricated, Thompson sent invoices to Instafab which were cumulatively valued at $608,272.92. *Id*. at 4. However, despite Instafab having received payment from KZJV for the work performed by Thompson and other fabricators, Thompson has yet to be paid for the steel that it supplied for the LNG Facility. *Id*. at 4–5.

On December 10, 2024, Thompson filed a lawsuit in the 25th Judicial District Court, Plaquemines Parish, Louisiana, asserting claims of breach of contract, negligence, and conversion

against Instafab, claiming that the company owed it $608,272.92 for the steel that it fabricated for the LNG Facility. Rec. Doc. 7-2. Instafab later filed for receivership in the Superior Court of Washington for Clark County, which the court granted on February 19, 2025. The Washington court enjoined all "creditors, claimants, governmental entities, and other parties" from pursuing certain claims against Instafab and additionally ordered the circulation of notice to all creditors and lien holders of their rights and obligation to submit a proof of their claims with the receiver. Rec. Doc. 7-4 at 3, 11.

On July 31, 2025, Thompson filed a second lawsuit, this time against KZJV and Venture, in the 25th Judicial District Court, Plaquemines Parish. Rec. Doc. 3-1. In the second action, Thompson seeks, as it did from Instafab, $608,272.92 for the steel it supplied for the LNG Facility. *Id*. at 4. Thompson asserts against KZJV claims for breach of contract, misapplication of payments, detrimental reliance, and enrichment without cause; against Venture, Thompson asserts only an enrichment without cause claim. *Id*. at 5–7. On August 29, 2025, KZJV removed the second lawsuit to this court. Rec. Doc. 3. Venture has filed a motion to dismiss Thompson's enrichment without cause claim against it. Rec. Doc. 7. KZJV has similarly filed a motion to dismiss the claims against it. Rec. Doc. 8. Thompson opposes both motions. Rec. Docs. 13, 14.

### LAW AND ANALYSIS
#### A.  Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading standard demands more than "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A defendant may file a Rule 12(b)(6) motion to dismiss if they contend that a plaintiff's complaint does not satisfy Rule 8's pleading standard. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead

enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is plausible when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the plaintiff is not entitled to relief. *Id*. at 679. A court must accept the complaint's factual allegations as true and draw "all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

In considering a 12(b)(6) motion, a court generally is limited to the face of the pleadings. *Xavier v. Belfor USA Grp., Inc.*, No. CIV.A. 06-491, 2007 WL 4224320, at *1 (E.D. La. Nov. 26, 2007). However, a court is permitted to rely on documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lane Star Fund v (U.S.), L.P v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A court may also consider matters of public record and those of which a Court may take judicial notice. *Xavier*, 2007 WL 4224320, at *1.

### B. Analysis

The Court must decide whether Thompson's unjust enrichment claim against Venture must be dismissed. Thompson's allegation concerning Venture-KZJV contract decides this issue. Because there was cause for Venture's alleged enrichment, *i.e.*, KZJV's obligation to procure steel pursuant to the Venture-KZJV contract, Venture's enrichment is justified and therefore Thompson's claim must be dismissed. Further, because the Court decides that Thompson's claim must be dismissed because of the existence of the Venture-KZJV contract, it need not address Venture's alternative argument that Thompson's claim must be dismissed because of the existence of alternative remedies.

Under Louisiana law, an unjust enrichment claim contains the following elements: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other remedy at law available to the plaintiff. *Garber v. Badon & Ranier*, 2007-1497 (La. App. 3 Cir. 4/2/08), 981 So. 2d 92, 100. The fourth element, concerning an absence of justification or cause, excludes "cases in which the enrichment results from a valid juridical act or the law." *Zeising v. Shelton*, 648 F.App'x 434, 439 (5th Cir. 2016). A contract constitutes a "valid juridical act." *Id* (holding that there was no unjust enrichment because the enrichment was the result of a contract). The Fifth Circuit and Louisiana Supreme Court have also explained that an enrichment is justified if "it is the result of, or finds its explanation in, the terms of a valid juridical act between the impoverishee…and the enrichee…or between a third party…and the enrichee." *Id* (citing *Edmonston v. A-Second Mortg. Co. of Slidell, Inc*., 289 So. 2d 116, 122 (La. 1974)).

Thompson alleges that Venture hired KZJV as its engineering, procurement, and construction contractor for the LNG Facility. Rec. Doc. 3-1 at 2. Thompson continues that pursuant to that contract, KZJV "facilitated…retention of Thompson as a supplier." *Id*. Thompson explains that "KZJV agreed that the fabricated steel necessary to perform its obligations to Venture would be supplied by…Thompson." *Id*. Thompson therefore acknowledges that Venture's enrichment, *i.e*., receipt of fabricated steel from Thompson through KZJV, was the result of the Venture-KZJV contract. And because the enrichment was the result of a contract between Venture (the enrichee) and KZJV (a third party), the enrichment was justified and not without cause. *See Edmonston*, 289 So.2d at 122.

Thompson's contrary arguments are not persuasive. Thompson asserts that the "enrichment at issue is broader than" the "value of the steel provided and contracted for." Rec. Doc. 14 at 7. It continues that it "went beyond its promises in the contract" by expediting fabrication, working through difficult design files, and working overtime which "enriched Venture without a valid basis." *Id*. To the extent that Thompson claims that its unjust enrichment claim rests, in part, on additional expenses incurred that were not covered by the contract, that claim must be rejected. An unjust enrichment claim "cannot lie simply because a contract was poorly written." *Fisk Elec. Co. v. Winter Park Constr. Co*., No. CIV.A 15-700, 2015 WL 3650907 (E.D. La. June 11, 2015) (Lemelle, J) (rejecting unjust enrichment claim based on contention that contract did not address additional job-related expenses). Moreover, because "it is clear that there is a contract…that governs the rights of the parties," the Court finds that Thompson cannot recover under a theory of unjust enrichment. *Pellerin Const., Inc. v. Witco Corp*., 169 F. Supp. 2d 568, 587 (E.D. La. 2001).

New Orleans, Louisiana, this 12th day of June 2026

_____

SENIOR UNITED STATES DISTRICT JUDGE